**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GREGORY ALLEN STURM,<br><br>          Petitioner-Appellant,<br><br>v.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation and MICHAEL MARTEL,<br><br>          Respondents-Appellees. | No.   14-55118<br><br>D.C. No.<br>8:11-cv-00448-FMO-JCG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted September 2, 2016
Pasadena, California

Before:  SILVERMAN, IKUTA, and WATFORD, Circuit Judges.

Gregory Allen Sturm appeals from the district court's judgment denying his

28 U.S.C. § 2254 habeas petition.  We have jurisdiction pursuant to 28 U.S.C.

§ 1291, and we affirm.

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sturm argues that he was tried and convicted while incompetent in violation of his Fourteenth Amendment right to due process, and that the California Supreme Court unreasonably denied his claim without first holding an evidentiary hearing. We disagree. While Sturm recently drummed up evidence describing mental and cognitive impairments during trial, these opinions were provided more than a decade after the trial and are refuted by the contemporaneous record as a whole. *See Sully v. Ayers*, 725 F.3d 1057, 1070-72 (9th Cir. 2013), *cert. denied* 134 S. Ct. 2697 (2014) (holding the California Supreme Court's summary denial of a claim of incompetence was not unreasonable based on the record before the court); *Boyde v. Brown*, 404 F.3d 1159, 1166-67 (9th Cir. 2005) (holding that retrospective declarations of incompetence are disfavored where evidence from the time of the trial fails to support those declarations).

Because Sturm failed to establish substantial doubt about his competency at the time of trial, the state court's denial of the claim without first conducting a hearing was not an unreasonable determination of the facts, *see* 28 U.S.C. § 2254(d)(2), and therefore the district court was not freed from AEDPA deference, and could not hold an evidentiary hearing on the claim. *See Boyde*, 404 F.3d at 1166-67; *Cullen v. Pinholster*, 563 U.S. 170, 183, 186-87 (2011) (holding that when the state court record precludes relief under the limitations of § 2254(d), an

2

evidentiary hearing is not warranted in federal court); *see also Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012) (holding that the question is "'not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold.'") (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

Sturm next argues that the trial court violated his constitutional rights by admitting his recorded confession and videotaped re-enactment of his crimes. Again, we disagree.

The totality of the circumstances surrounding Sturm's confession and re-enactment support the state court's finding that Sturm's participation was knowing, intelligent, and voluntary. *See*, *e.g.*, *Dickerson v. United States*, 530 U.S. 428, 434 (2000) ("The due process test takes into consideration the totality of all the surrounding circumstances – both the characteristics of the accused and the details of the interrogation.") (internal quotation marks and citation omitted). The transcript of Sturm's custodial interview reflects that officers provided Sturm with the requisite advisals. He then agreed to speak with them, and, later, to walk them through the events at the scene. The transcript of the re-enactment likewise reflects that Sturm agreed to participate. In the absence of an affirmative and unambiguous invocation of the right to remain silent, the California Supreme Court's denial of

3

this claim was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1) & (2); *Berghuis v. Thompkins*, 560 U.S. 370, 381-82 (2010) (holding that a suspect must unambiguously invoke the right to remain silent); *DeWeaver v. Runnels*, 556 F.3d 995, 1002 (9th Cir. 2009) (holding that a state court's denial was reasonable under AEDPA's standards where a suspect did not unambiguously invoke the right to silence).

Finally, Sturm argues that his counsel provided ineffective assistance by failing to seek a competency hearing and failing to succeed in his motion to suppress Sturm's confession and re-enactment. We disagree.

Sturm has not demonstrated that he was in fact incompetent at the time of trial, so there is no basis to find that counsel's failure to seek a competency hearing was the result of deficient performance, or prejudicial. Likewise, trial counsel did challenge the sufficiency of the *Miranda* warnings, as well as the voluntariness of the confession and re-enactment, and Sturm has presented no additional basis for a motion to suppress that had a reasonable probability of altering the outcome.

In short, we conclude that the state court's denial of these claims was not contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1) &

4

(2); *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984).

To the extent Sturm raises uncertified claims in his opening brief, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22-1(e); 28 U.S.C. § 2253(c)(2); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

Any outstanding motions are denied.

**AFFIRMED.**